IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF NORTH CAROLINA
ASHEVILLE DIVISION
1:17cv1

| | |
|---|---|
| **BRYAN CURRY, et al.,** ) | |
| ) | |
| **Plaintiffs,** ) | |
| ) | |
| v. ) | |
| ) | **ORDER** |
| **SCHLETTER, INC.,** ) | |
| ) | |
| ) | |
| **Defendant.** ) | |
| _____ ) | |

Plaintiffs brought this case as a class action against Defendant. All of the claims arise out of a data breach that resulted in the disclosure of the personal data of some of Defendant's employees. Plaintiffs brought the case in federal court based on the Court's jurisdiction under the Class Action Fairness Act, which provides federal district courts with original jurisdiction over class actions if the class: (1) has more than 100 members; (2) the parties are minimally diverse; (3) and the amount in controversy exceed $5,000,000.00. The Standard Fire Ins. Co. v. Knowles, 133 S. Ct. 1345, 1348 (2013). While the face of the Complaint plainly alleges that the class exceeds 100 members and the amount in controversy exceeds the jurisdictional amount, the Complaint appears to lack any factual allegations

supporting minimal diversity. All of the named Plaintiffs are citizens of North Carolina. Defendant is also a citizen of North Carolina, and Plaintiff may not rely on Defendant's dual citizenship in Delaware to establish minimal diversity. Johnson v. Advance Am., 549 F.3d 932, 935-36 (4th Cir. 2008). Moreover, upon the Court's independent review of the factual allegations in the Complaint, there does not appear to be any allegations that an employee in a state other than North Carolina was impacted by the data breach. The allegations in the Complaint that "because there are more than 100 Class Members the class contains members of diverse citizenship from Defendant" is a legal conclusion that need not be considered by this Court. See Nemet Chevrolet, Ltd. v. Consumeraffairs.com, Inc., 591 F.3d 250, 255 (4th Cir. 2009). Thus, while Plaintiffs may only need to show that a single class member – whether named or unnamed – is diverse from Defendant to meet the less demanding requirements of jurisdiction under the Class Action Fairness Act, the Complaint appears to lack the requisite factual allegations to allow this Court to exert subject matter jurisdiction over this dispute. See 28 U.S.C. § 1332(d)(1)-(2). Accordingly, the Court **DIRECTS** the parties to **SHOW CAUSE** in writing by May 4, 2017, whether jurisdiction is proper in this Court. The parties' responses are limited to five (5) pages. The Court will then determine whether jurisdiction is proper prior to making a recommendation to the

District Court on the pending Motion to Dismiss and whether the claims are subject to dismissal under Rule 12(b)(6).

Signed: April 28, 2017

Dennis L. Howell
United States Magistrate Judge