# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF NORTH CAROLINA
# ASHEVILLE DIVISION
# 1:17cv1

| | |
|---|---|
| BRYAN CURRY, et al., ) | |
| ) | |
| Plaintiffs, ) | |
| ) | |
| v. ) | |
| ) | ORDER |
| SCHLETTER, INC., ) | |
| ) | |
| Defendant. ) | |

Plaintiffs brought this case as a class action against Defendant. All of the claims arise out of a data breach that resulted in the disclosure of the personal data of some of Defendant's employees. Plaintiffs brought the case in federal court based on the Court's jurisdiction under the Class Action Fairness Act, which provides federal district courts with original jurisdiction over class actions if the class: (1) has more than 100 members; (2) the parties are minimally diverse; (3) and the amount in controversy exceed $5,000,000.00. The Standard Fire Ins. Co. v. Knowles, 133 S. Ct. 1345, 1348 (2013). While the face of the Complaint plainly alleges that the class exceeds 100 members and the amount in controversy exceeds the jurisdictional amount, the Court, upon its review of the Complaint, became

concerned that the Complaint lacked any factual allegations supporting minimal diversity. All of the named Plaintiffs are citizens of North Carolina. Defendant is also a citizen of North Carolina, and Plaintiff may not rely on Defendant's dual citizenship in Delaware to establish minimal diversity. Johnson v. Advance Am., 549 F.3d 932, 935-36 (4th Cir. 2008). Accordingly, the Court directed the parties to show case in writing whether jurisdiction is proper in this Court. (Order, April. 28, 2017.) As the Court explained in its prior Order:

> The allegations in the Complaint that "because there are more than 100 Class Members the class contains members of diverse citizenship from Defendant" is a legal conclusion that need not be considered by this Court. See Nemet Chevrolet, Ltd. v. Consumeraffairs.com, Inc., 591 F.3d 250, 255 (4th Cir. 2009). Thus, while Plaintiffs may only need to show that a single class member – whether named or unnamed – is diverse from Defendant to meet the less demanding requirements of jurisdiction under the Class Action Fairness Act, the Complaint appears to lack the requisite factual allegations to allow this Court to exert subject matter jurisdiction over this dispute. See 28 U.S.C. § 1332(d)(1)-(2).

Upon a review of the parties' response to the Court's Show Cause Order, the Court finds that the Complaint still fails to assert any factual allegations that a member of the class is a citizen of a state other than North Carolina, and, thus, the face of the Complaint is devoid of necessary factual allegations to establish jurisdiction. The fact that the Complaint alleges that Defendant has a manufacturing facility in Arizona is insufficient to establish jurisdiction in this Court because there is not a

factual allegations that an employee working in that facility (or anywhere other than in North Carolina) was subject to the data breach. Pleading facts sufficient to demonstrate subject matter jurisdiction on the face of the Complaint is a threshold showing that Plaintiffs must make to allow this Court to exercise its limited jurisdiction.

Although Local Rule 7.1(C)(2) precludes a party from raising a motion to amend in a response brief, the Court will allow Plaintiffs an opportunity to amend the Complaint to properly assert factual allegations that establish jurisdiction in this Court.[1] The Court finds that allowing Plaintiffs an opportunity to amend to cure the deficiencies in the Complaint is appropriate under Rule 15 based on the representations of Defendant that an employee in Arizona was subject to the data breach. Accordingly, Plaintiffs shall have ten (10) days to file an Amended Complaint that contains factual allegations sufficient to allow this Court to find that subject matter jurisdiction is appropriate in this Court. Finally, because the filing of an amended pleading supersedes the original pleading and renders it void of any legal function in the case, Young v. City of Mount Ranier, 238 F.3d 567,

---

1  In response to Defendant's Motion to Dismiss, Plaintiffs also requested leave to amend if the Court found that the Complaint failed to state a claim under Rule 12(b)(6). Pursuant to the Local Rules of this Court and case law in this district, neither this Court nor the District Court will provide Plaintiffs leave to amend if the Court finds that the Complaint or the Amended Complaint fails to state a claim. Outer Banks Beach Club Ass'n, Inc. v. Festiva Resorts Adventure Club Member's Ass'n, Inc., Civil No. 1:11cv246, 2012 WL 4321327, at *4 (W.D.N.C. Sept. 20, 2012) (Reidinger, J.). Parties may not use a motion to dismiss to get an advisory opinion from this Court.

572 (4th Cir. 2001), the Court **DENIES as moot** the pending Motion to Dismiss [# 10]. Defendant may renew its motion within ten (10) days of the filing of Plaintiffs' Amended Complaint, and the Court will issue a Memorandum and Recommendation to the District Court.

Signed: May 5, 2017

Dennis L. Howell
United States Magistrate Judge